**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, *Successor by nerger to Chase Home Finance LLC*, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) No. 3:13-CV-334-K-BH ) |
| SHEILA COLLINS and GREGORY COLLINS *and all occupants*, | ) ) ) ) |
| **Defendants.** | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this *pro se in forma pauperis* case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, this Court lacks jurisdiction and the case should be **REMANDED** to the state court.

**I. BACKGROUND**

On April 30, 2012, Plaintiff JP Morgan Bank, National Association, Successor by merger to Chase Home Finance LLC (Plaintiff) filed a complaint for forcible detainer against Sheila and Gregory Collins (Defendants) and the occupants of 9460 Dale Glade Drive, Dallas, Texas, 75217 (the Property) in Justice of the Peace Court. (*See* doc. 3 at 5.)[1] Plaintiff apparently recovered a judgment against Defendants and obtained a writ of possession of the Property, because a final notice of eviction was posted on January 23, 2013. (*Id.* at 4.) The next day, Defendants filed a notice of removal of the Justice of the Peace action to the federal district court for the Northern District of Texas on grounds of federal question and diversity jurisdiction. (*Id.* at 1-2.) Also

---

[1] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

attached to their notice of removal is what appears to be a state-court "Petition" asserting claims against Plaintiff and two other entities for wrongful foreclosure and quiet title, and seeking declaratory judgment. (*Id.* at 15-18.) Also attached to the notice of removal is a "Complaint" on the standard form for federal actions stating that Defendants apparently seeking to join their "Quiet Title Suit" with their notice of removal. (*Id.* at 19.) It contains allegations of civil rights violations and fraud and deceit in connection with the Justice of the Peace action. (*Id.*)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties

2

of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

## A.     **Federal Question Jurisdiction**

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

### 1.     **Notice of Removal**

In their notice of removal, Defendants allege federal question jurisdiction exists because this case involves "the taking of real property without due process"[2] and because their civil rights were violated when they were not granted a jury trial. (doc. 3 at 2.)

---

[2] The Fourteenth Amendment provides in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law ...." U.S. CONST. amend. XIV, § 2.

3

It is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002). "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Fed. Nat. Mortg. Ass'n*, 2010 WL 4627833, at *3 (holding that even if a federal statute "supplied a federal defense" for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because [the] *Plaintiff's pleadings* must raise the federal claim or issue") (emphasis in original). A post-foreclosure action for forcible detainer and writ of possession arises solely under state law and does not provide a basis for federal jurisdiction. *See Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *4 (N.D. Tex. Nov. 16, 2010) (holding that a forcible detainer action to evict residents and obtain physical possession of property under Tex. Prop. Code § 24.004 does not raise a federal claim or provide basis for federal question jurisdiction). Defendants have not shown that their constitutional claims were raised in Plaintiff's forcible detainer petition. Their constitutional claims in their notice of removal therefore cannot provide the basis for federal question jurisdiction

### 2. Defendants' New Claims

Defendants appear to seek to assert various causes of action "arising under" federal law against Plaintiff and other entities.

To the extent that Defendants' notice of removal seeks to assert defenses or counterclaims to Plaintiff's forcible detainer action that arise under federal law, their new claims still cannot be considered in determining whether federal question jurisdiction exists over their removed case. *See*

*Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction").

Defendants have not shown that Plaintiff's forcible detainer action or petition for a writ of possession presented a federally-created cause of action or that its right to relief depended on the resolution of a substantial question of federal law. Accordingly, they have not met their burden to show federal question jurisdiction exists over their removed action.

**B.    Diversity Jurisdiction**

In their notice of removal, Defendants also assert that federal jurisdiction exists based on diversity jurisdiction. (doc. 3 at 2.)

**1.** *Citizenship*

A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because Defendants' notice of removal does not "distinctly and affirmatively" allege Plaintiff's citizenship or their own, they have not met their burden to show diversity of citizenship.[3]

---

[3] Defendants' state-court petition provides addresses where Plaintiff and the other two entities may be served with process; it does not "distinctly and affirmatively" allege the parties' citizenship. (*See* doc. 3 at 16.)

## 2. *Amount in Controversy*

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

In this case, the only issue raised by the state court forcible detainer action is the right to possession. Plaintiff does not seek money damages, dispute the title to property, or seek any debt related to the property, so Defendants cannot show that the amount in controversy requirement for diversity jurisdiction has been met. Consequently, they have not shown a basis for the exercise of subject-matter jurisdiction over this case.

## III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the Justice of the Peace Court, Precinct 1, of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 28th day of January, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE